THE PEOPLE OF THE STATE OF NEW YORK ex rel. CELESTIAN L. STRZEP, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.

Third Department, September 24, 1952.

*Celestian L. Strzep,* appellant in person.

*Nathaniel L. Goldstein, Attorney-General,* for respondent.

*Per Curiam.* Relator was sentenced in 1936 as a second offender in Supreme Court, Erie County, to a definite sentence of thirty-five years, on conviction for robbery, first degree, while armed with a weapon.

He is now serving under that judgment, and by habeas corpus he raises the point that a 1928 conviction, on which the adjudication he was a second offender is based, was invalid. This conviction also was in Supreme Court, Erie County, and was entered in 1928 on a plea of guilty to burglary, third degree.

On motion of the District Attorney the indictment on which relator had pleaded guilty was dismissed in 1929 as to a codefendant who had pleaded guilty to another offense. The clerk's notation of 1929 on the indictment itself showed merely that the order was entered " dismissing indictment ".

An affidavit in this proceeding by an assistant district attorney states that the minutes of the clerk reflect the proceedings as they actually occurred and that the motion and the dismissal were only as to the codefendant named and did not refer to this relator who had the year before pleaded guilty to the indictment. It is also shown that the clerk has now corrected the notation on his records. This factual situation is not disputed by relator.

There is no doubt that when the indictment was returned and when relator pleaded guilty to it in 1928 the court had power to enter the judgment and to impose or suspend sentence. The court probably would not have had the residual power to dismiss the indictment after there had been a judgment of conviction entered on it without first vacating the judgment, since all the statutory proceedings relating to indictments are designed to be taken before judgment.

Therefore, while a valid judgment stands, an order addressed to an indictment, without vacating the judgment, is of doubtful validity, even if the court had made such an order. The court retained the power to correct a clerical error of entry on its records to conform with the true facts of the court's own proceeding.

The question raised on habeas corpus is solely whether in 1936 the Supreme Court had the power to sentence relator as a second offender. The court then had before it a judgment of conviction for felony entered in 1928 on defendant's plea of guilty. The judgment, valid when entered on a valid indictment, was the basis of the adjudication of second offense whatever might have later been done with the indictment.

The court in 1936 was required to accept and act on that judgment and it therefore had adequate jurisdiction to impose the sentence of which relator now complains. That is the extent of the inquiry into jurisdiction on habeas corpus.

If the Supreme Court in Erie County is of opinion that the order of 1929 dismissing the 1928 indictment included within its scope the relator as well as his codefendant and that this affected his 1928 conviction, the question is one which must be raised directly to that court. It is not available in a collateral attack by habeas corpus on the court's jurisdiction to enter the 1936 judgment.

The order should be affirmed.

Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.

Order affirmed.